UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81609-CV-MIDDLEBROOKS

FELICIA SHUMAN,

       Plaintiff,

v.

TREATMENT PARTNERS OF AMERICA LLC
and SCOTT FRANKEL,

       Defendants.
_____/

## ORDER DENYING MOTION TO ENFORCE AND APPROVE FLSA SETTLEMENT

THIS CAUSE comes before the Court upon Defendant Scott Frankel's Motion to Enforce and Approve FLSA Settlement, filed May 3, 2019. (DE 29). Plaintiff Felicia Shuman initiated this case on November 25, 2018, alleging claims for unpaid minimum wages and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (DE 1). Pursuant to the Statement of Claim filed with the Complaint, Plaintiff was allegedly owed $644.00 in unpaid wages and $644.00 in liquidated damages. (DE 1-3). According to Defendant's Motion, Plaintiff received and accepted payment of her claimed unpaid wages on or about December 13, 2019. (DE 29 at 1).

Defendant's Motion asserts the following: on April 29, 2019, the Parties negotiated a settlement whereby Defendant agreed to pay Plaintiff $1,500.00 to settle the remaining claims for attorney's fees and costs. (*Id.* at 2). Thereafter, Plaintiff's counsel refused to participate in the preparation of a settlement agreement and a joint motion to approve such agreement, even after the Court issued an Order requiring the Parties to file a fully executed settlement agreement. (*Id.*; DE 28). Plaintiff's counsel "assert[ed] that his intention was simply to dismiss the case for Plaintiff

once his office received payment of the $1,500 in fees and costs from Defendant." (DE 29 at 2). In lieu of a fully executed settlement agreement, Defendant has submitted emails between the Parties' counsel, in which the Parties' counsel negotiate the settlement of the remaining claims. (DE 29-1). Defendant moves the Court to enforce those emails as a settlement agreement. (*Id.*)

In the Eleventh Circuit, settlement agreements for lawsuits brought under the FLSA must be submitted to the district court and scrutinized for fairness and reasonableness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). When assessing reasonableness, courts look to a variety of factors, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). Here, Plaintiff cannot simply dismiss this action without submitting the Parties' settlement agreement for the Court's review. Moreover, there is not enough information in the submitted emails to enable the Court to review the fairness or reasonableness of this negotiated settlement. The Parties do not, for example, disclose the amount that Defendant paid Plaintiff for her unpaid wages; they disclose only the amount that they paid to settle Plaintiff's claims for attorney's fees and costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Defendant's Motion to Enforce and Approve FLSA Settlement (DE 29) is **DENIED WITHOUT PREJUDICE.** Until the Parties file a fully executed settlement agreement, this case shall remain on the Court's trial schedule.

(2) Given that Plaintiff's counsel has accepted $1,500.00 for attorney's fees and costs but has refused to participate in preparing a settlement agreement and ending this litigation, Plaintiff's counsel is ordered to **SHOW CAUSE** on or by **May 13, 2019** why he should not be compelled to return $1,500.00 to Defendant until the Parties complete a settlement agreement and it is accepted by the Court.

**SIGNED** in Chambers in West Palm Beach, Florida, this ____ day of May, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc:   Counsel of record