UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81609-CIV-DMM

FELICIA SHUMAN,                    )
                                   )
     PLAINTIFF,                    )
                                   )
     -v-                           )
                                   )
TREATMENT PARTNERS OF              )
AMERICA, LLC, AND SCOTT            )
FRANKEL,                           )
                                   )
     DEFENDANTS.                   )     West Palm Beach, Florida
                                   )     May 22, 2019
_____)


TRANSCRIPT OF CALENDAR CALL PROCEEDINGS

BEFORE THE HONORABLE DONALD M. MIDDLEBROOKS

UNITED STATES DISTRICT JUDGE


Appearances:

FOR THE PLAINTIFF          Elliot A. Kozolchyk, ESQ.
                           320 Southeast 9th street
                           Fort Lauderdale, FL 33316

FOR THE DEFENDANTS         Scott L. Cagan, ESQ.
                           GrayRobinson, P.A.
                           401 East Las Olas Boulevard
                           Suite 1000
                           Fort Lauderdale, FL 33301

Reporter                   Stephen W. Franklin, RMR, CRR, CPE
(561)514-3768              Official Court Reporter
                           701 Clematis Street
                           West Palm Beach, Florida 33401
                           E-mail:  SFranklinUSDC@aol.com

(Call to the order of the Court.)

THE COURT:  Good afternoon, please be seated.

This is a hearing in the case of Felicia Shuman versus Treatment Partners of America and Scott Frankel.  The case number is 18-81609.

Could we please have appearances.

MR. KOZOLCHYK:  Elliot Kozolchyk on behalf of the plaintiff, Felicia Shuman, and with me is Yustashio Frendo.

MR. CAGAN:  Good afternoon, Your Honor.  Scott Cagan from Gray Robinson on behalf of defendant Scott Frankel.

THE COURT:  Good afternoon.

Well, we've got a number of documents that I am unclear what has occurred.  There was a defendant's motion to enforce and approve FLSA settlement and memorandum of law.  Subsequent to that, we issued an order and required a response from the plaintiff, and I've received a response to order, which -- and then there's finally filed yesterday a stipulation of dismissal without prejudice, where it says each party agrees to bear their own attorney fees and costs, except that the plaintiff's counsel has received an agreed payment for its fees and costs.

So tell me what happened here.  Did the plaintiff get any money after the case was filed?

MR. KOZOLCHYK:  After the case was filed the plaintiff did receive money, but that is completely unrelated

from this dismissal.  They tendered a check about a month or two after the lawsuit was filed completely independent of any kind of settlement.  This case is being dismissed without prejudice, meaning the plaintiff could bring the claims again.

THE COURT:  What amount of money did she get?

MR. CAGAN:  Your Honor, if I may, the plaintiff received a payroll check from the employer for $1075.12 on November 9th, 2018, and I think that's what counsel was referring to with respect to whether the plaintiff has been paid.  The plaintiff has not been paid by the defendants as part of this case, she was paid in the normal course by her company through a payroll check.

THE COURT:  Well, what you ask -- why didn't you then ask -- if it was in a normal course and didn't have anything to do with the lawsuit, why didn't you ask me to enforce a settlement?

MR. CAGAN:  Your Honor, fair question.

Because at the time there was disagreement with counsel about whether the dismissal would be with or without prejudice.  We had an e-mail trail, my partner, Tom Loffredo, with Elliot.  I don't -- please forgive the informality, his last name is difficult for me to pronounce.  And we thought that the agreement was that for that $2500 -- or $1500, excuse me, that the case would be dismissed with prejudice.  It turns out there was a miscommunication I'll chalk it up to.  Elliot

believed that it was without prejudice.  We thought it was with, hence we filed the motion to enforce.  Your Honor denied it without prejudice.

Rather than fight that battle and expend resources and have the Court expend resources, we then offered to pay an amount to plaintiff's counsel for his attorney's fees, and we proposed a with-prejudice, but that was unacceptable, so counsel agreed to dismiss it without prejudice.

At that point, my concern was that it potentially offended the Lynn Foods holding in the Eleventh Circuit, because it might have been construed as a settlement.  Counsel informed me that Judge Dimitrouleas in other cases had concluded that if it's a without-prejudice dismissal, that since the plaintiff is not giving up any rights, it's not a settlement captured by Lynn Foods.  We went back, we analyzed Lynn Foods, we agreed with that analysis.

I wanted to be upfront with the Court in the dismissal notice and specifically included the language that we were paying counsel fees, because I had a concern that although the plaintiff was not settling the case, the plaintiff received no funds in this case, we were settling the attorney's fees component of the case, which is why I was explicit in stating that I didn't want the Court to be under the misimpression that there was no exchange for consideration.  So I intentionally included that.

THE COURT:  Well, does this -- does the plaintiff still work for this company?

MR. CAGAN:  No.  The company closed, Your Honor, right before the lawsuit was filed.  They just -- it folded. It was a treatment center, and it just closed its doors.

THE COURT:  I mean, the question is whether this whole process is to evade the requirements of the law that a settlement be approved.  If you file a lawsuit and then somebody pays money to the plaintiff and then pays -- and certainly pays attorney's fees, it sure looks like a settlement, and I guess I'm -- the fact that you thought it was a settlement, or at least the defense did, adds to that.

MR. CAGAN:  When we thought it was a settlement, Your Honor, we thought -- we didn't know whether some of the funds were going to be going to the plaintiff.  When counsel made it clear that the only funds were going to be accepted by him as part of his fee claim, and that the plaintiff was not giving up any of her rights, hence the dismissal without prejudice, at that point, based upon our analysis of the Lynn Foods case and counsel's representation that Judge Dimitrouleas had treated without-prejudice dismissals the same way, we felt that disclosing to the Court that there was a fee payment --

THE COURT:  So how much is the fee payment?

MR. CAGAN:  The fee payment was a total of $2500,

$1250 paid by my client, Scott Frankel, via cashier's check, and the balance of $1250 paid on behalf of the Treatment Partners of America defendant, who has yet to appear in the case.

THE COURT:  And the plaintiff got, after the defendants knew of the lawsuit, $1075.12; is that right?

MR. CAGAN:  I'm just checking the date of the complaint matched up against the check.  It looks like the complaint -- the chronology is not super clear to me.  I just want to be accurate here.  The complaint was filed on November 25th, 2018, and the payroll check is dated November 9th.

THE COURT:  Tell me those dates again.

MR. CAGAN:  Sure.

The payroll check to Felicia Shuman for $1075.12 was dated November 9th, 2018, and the complaint in this action, Your Honor, was filed thereafter, on November 25th, 2018.  I do have a copy of the check if Your Honor would like me to approach.

MR. KOZOLCHYK:  Your Honor, if I could just clarify something?

THE COURT:  Those dates are different than the dates you have in your motion to enforce settlement.  You said that she sued on November 25th, and that they got a payroll check on or about December 13th, 2018.

MR. CAGAN: Then -- Your Honor, then I may have to stand corrected. The date of the check is that November check. She may have received it later. And I should have a command of those facts, but my partner was handling that part. I don't know when she -- when she actually received the check; I know when it's dated.

THE COURT: So it's dated before the lawsuit, then there's a lawsuit, then she gets it. Is that what happens, like a month later?

MR. CAGAN: Yeah, if that's what the motion to enforce settlement says, then I would feel comfortable relying on my partner's representation in that paper.

THE COURT: Did you have something you wanted to say?

MR. KOZOLCHYK: Just very clearly that when the check is dated is kind of irrelevant. The defendants could date it whenever they wanted. It's a question of when it was provided to the plaintiff.

THE COURT: Well, and it was provided, then, before you sued?

MR. KOZOLCHYK: No.

THE COURT: Then you're saying that when she got it's irrelevant?

MR. KOZOLCHYK: No, I'm saying when the check is dated is irrelevant. The defense --

THE COURT: Oh, so you agree she got it after you sued?

MR. KOZOLCHYK: Correct.

THE COURT: And so you sue, she gets money, she accepts it, you get attorney's fees. Why is that not a settlement?

MR. KOZOLCHYK: The amount paid to my client is completely separate from this lawsuit being dismissed, and there's Eleventh Circuit authority that says you can't merely moot a claim by tendering a check. There has not been a settlement. We filed a lawsuit; they tendered a check. My client's free to re-bring this claim at a future time.

THE COURT: For what? She doesn't work there anymore.

MR. KOZOLCHYK: Well, she --

THE COURT: Why would she bring it again, so you can collect fees again? Is that your theory?

MR. KOZOLCHYK: Absolutely not, Your Honor. I don't have any intention of bringing this case again. I'm talking about my client's rights, not me personally.

THE COURT: Your e-mail says: Tom, for reasons completely unrelated to you and your many misrepresentations, plaintiff accepts the $1500. Payment should be made payable to Koz Law, P.A. and delivered to Koz Law, P.A., in Fort Lauderdale. So the record is clear, your e-mails are

saturated with misrepresentations, and plaintiff disputes them all.  As only one example, your disingenuous remark that $1500 should more than cover plaintiff's fees and costs and mischaracterization of the time I have invested in this case in solely filing a complete are deliberate false statements.

Additionally, defendants cannot moot plaintiff's claims by delivering a check.  Then you cite the Eleventh Circuit case, which doesn't sound to me like it applies, but . . .

And so tell me why should isn't a settlement.

MR. KOZOLCHYK:  Plaintiff has not agreed to accept a sum of money to extinguish her claims.

THE COURT:  Well, what does this mean:  Plaintiff accepts the $1500?  What would she -- what was that about?

MR. KOZOLCHYK:  Plaintiff agreed to dismiss the case without prejudice, i.e. free to bring the claim again. There'd be no settlement.

THE COURT:  That's not what this e-mail says, is it?

MR. KOZOLCHYK:  Respectfully, Your Honor, if you're seeking the entire context and background, I don't know that that's fully captured in that single communication, but there has been no settlement, there is no settlement agreement.  My client is free to bring the claims again.

After this lawsuit was filed they tendered a check, and then the defendants argued that the claim was moot.  It

was not moot, because there was no judgment.  And even at this time there is no judgment, nor is there a settlement sought to be approved by the Court.  Plaintiff was agreeable to dismiss the case without prejudice conditioned on receipt of what is now $2500, but that does not mean she couldn't bring another claim for --

THE COURT:  This is $2500 in addition to the $1075, or $2500 total?

MR. KOZOLCHYK:  Is it is completely independent of that payment that occurred on or about December 13th.

THE COURT:  So who gets the $2500?

MR. KOZOLCHYK:  I am receiving the $2500.

THE COURT:  So you're getting, for the $1075.12, which, according to them was in a check dated before you filed the lawsuit, but apparently she got it after you did, she gets her money, and you get $2500.  That's the result of this, right?

MR. KOZOLCHYK:  I mean, they're completely --

THE COURT:  They're not separate.  How do you say they're separate?  That's just -- you're -- that's not true.

MR. KOZOLCHYK:  Your Honor, I respectfully disagree. They~-- the defendants are free to -- if someone files a lawsuit, the defendants can tender any check they feel like, they can date the check whenever they feel like and send any amount they feel like to the plaintiff, which was completely

independent of plaintiff's knowledge or any discussions with plaintiff.  They just tendered a check.

They then proceeded to argue that the claim was moot.  They offered to pay --

THE COURT:  I don't see that.  Where did they do that?  What they seem to have said is that -- a motion to enforce the settlement is what they filed.

MR. KOZOLCHYK:  I'm talking about earlier discussions, Your Honor.  Which, I do not know if they're a part of the record you're looking at, but I'm talking about earlier discussions with Mr. Loffredo.  He argued that the claim was moot, was not viable, could not proceed.  I really didn't want to get into an argument with Mr. Loffredo. Throughout this litigation I really tried to avoid unnecessary litigation.

So, for example, I had initially offered -- again, we're talking to dismiss the case without prejudice, not to settle the case, to simply voluntarily dismiss the case without prejudice, which is permitted under the federal rules, I offered to receive $2500 plus costs.  He said, oh, no, that's too much, take $1500 total, because that more than covers the filing of the complaint, even though by that point I had even filed a motion in limine.  I clearly had more time than that.  So $1500 really was not fair compensation, but I didn't want to get into unnecessary litigation with

Mr. Loffredo.  I didn't want to argue with him.  So I simply accepted, okay, give me the $1500, and plaintiff will agree to dismiss her case without prejudice, without prejudice.

And then Mr. Loffredo turns around and sends me a PDF of a full settlement agreement, and I say that's not part of the deal here.  We are -- she's simply dismissing the case without prejudice.  There's no settlement.  She's free to bring the claim again.  And rather than send the check so that I could then dismiss the case without prejudice, he decides to file the motion to enforce settlement.

THE COURT:  And you sent him -- you've sent him his $2500?

MR. CAGAN:  I did, Your Honor.  He asked that the money be delivered by cashier's check, so we delivered two; one Monday, one Tuesday.  We tried to do it before today's hearing, and we did.

And as I said earlier, not to belabor it, but I had expressed my concerns that there was consideration being paid to settle at least the attorney fee component of the case.  And that was always my concern.  This was an issue of first impression for me, and that's why I was insistent that we included the language that consideration flowed to counsel and the stipulation of dismissal.

THE COURT:  It sure seems like the purpose of this, two purposes, one is to evade the settlement review required

by the Eleventh Circuit case law, and the other issue, quite frankly, is there is at least a perception that this particular plaintiff's lawyer is inflating fees and using the fee process of the FLSA case to basically push cases really for the purpose of the fees, as opposed to compensating the plaintiff.

And so that's my concern.

MR. KOZOLCHYK:  Your Honor, I'm deeply offended at that accusation, and I frankly have no idea how you've come to that conclusion based on~--

THE COURT:  Well, one of them was the time when you had a case, as I recall, where the plaintiff got a small amount; you were asking for a very large amount in fees.  The defendant filed a response saying that they thought the fee was exorbitant, and I didn't approve your fee.

Now, I'm also told Robin Rosenberg on a number of occasions has gone through your fee applications and either denied them based on this type of back and forth with counsel, which is viewed as unprofessional, or her view that it's inflated.

So those are the reasons why I'm saying what I'm saying.  If you're deeply offended, then I -- I'm not quite clear why.  I mean, my concern is whether you ought to continue to practice in the Southern District if you're going to do this.

Now, this is clearly a settlement.  You can say without prejudice all you want, but how could she ever sue again?  She's gotten apparently all the money you ever claimed she was entitled to.

MR. KOZOLCHYK:  Your Honor --

THE COURT:  And so after that, all it was was a fight over your fee.

MR. KOZOLCHYK:  Your Honor, first of all, you've raised many, many different things that I have not even had an opportunity to respond to.

That first case you talked about with the settlement --

THE COURT:  Well, you asked me.

MR. KOZOLCHYK:  No, and I'd like to respond to that.

THE COURT:  You asked why I was saying what I was saying, and I'm telling you.

MR. KOZOLCHYK:  And I'd like to respond to that, because never once have I had an opportunity to present plaintiff's position on that first settlement that you reference.  Never once did I get to do that before you made your conclusions in that case.

In that case, my client committed certain conduct that had the potential to expose himself to criminal liability, and it was in his interests to have that case dismissed quickly, and the defendants were not willing to pay

more money.  So we were in a difficult position, because my client had the potential for criminal liability.  And so based on the amount that they were willing to offer, my client decided to accept the settlement.

Now, let me speak in the abstract.  If we have a case where it's had to be litigated to a certain point, but the plaintiff may have committed some sort of criminal liability, some action giving rise to criminal liability, essentially destroying the value of the case, and so it must be settled for a lower amount than desired, why should the plaintiff's counsel suddenly forfeit a huge percentage of the attorney's fees he's invested in the case thus far?  That is what led to the allocation in that case.  But, of course, I was never given the opportunity to present these issues in that case you're raising.

THE COURT:  Well, the only thing in the record was a complaint you had filed.  There were no -- there were no other pleadings.  There was no indication that you had any fees that were anywhere near the amount you asked for, and the defendant was getting -- or the plaintiff was getting a relatively small amount.  I don't remember the numbers.  You were getting over twice, maybe it was three times the amount that plaintiff was getting in a case where the only record activity was a complaint.

MR. KOZOLCHYK:  And if --

THE COURT:  And so -- and where the defendant said in their -- when they presented the information in terms of approval of the settlement, that they thought the attorney fees were exorbitant.  And so that's the reason.

But let's get back to this case.  You file a lawsuit.  Your plaintiff apparently takes -- cashes her check. You then write back to the defense lawyer, plaintiff accepts $1500, although we don't agree with your description of how hard we worked on the case.

And so subsequent to that, you then refuse to file any settlement papers, they move to enforce settlement, and the parties come up with this dismissal without prejudice. There's not a claim existent.  That's just language to evade the settlement approval process of the Fair Labor Standards Act, part of which I think is to look at the attorney fees to see if they're reasonable in light of what a plaintiff is getting and what the lawyer does.  The lawyer's entitled to a fee but isn't entitled to use their fee to basically -- "extort" is too strong a word given the nature of this statute -- but to extract monies from defendants for fairly nominal claims.

And so that's my problem with it.

MR. KOZOLCHYK:  And, Your Honor, I'm -- I don't know how you are coming to these conclusions.

The defendants tendered a check without any

involvement by the plaintiff.  They just tendered a check.  Then they said -- then Mr. Loffredo e-mailed me, Elliot, what can we do to resolve fees and costs.  I say $2500 plus costs.  He says --

THE COURT:  It's not your case, it's the plaintiff's case.

MR. KOZOLCHYK:  Your Honor, if I may finish, please.

Mr. Loffredo says, how much to resolve fees and costs.  Which, plaintiff is entitled to fees and costs, because I do not -- plaintiffs' attorneys are not expected to work for free in FLSA cases.  They're entitled to attorney's fees and costs.  How much to resolve fees and costs, Mr. Loffredo asks.  I say $2500 plus costs.

By that stage in litigation I had already -- we were already at the motion in limine stage.  He says, no, just take $1500 inclusive of costs.  Now, that does not fairly compensate me, but I did not want to continue the litigation, so I accepted $1500 as fees and costs simply to make the litigation go away.  And if Your Honor thinks that that is somehow trying to increase my attorney's fees, I truly have no idea how you're reaching that conclusion.  It's as if the plaintiff -- it's as if in this jurisdiction plaintiffs' attorneys aren't allowed to be paid for bringing FLSA cases, they're expected to work for free.  I don't know how much less I could --

THE COURT:  What on Earth could you have gone?  They apparently -- according to you, the check was sent paying this person's wages before you filed your lawsuit.  You then file a lawsuit, she gets the money, she takes it, she accepts it.  What -- what fees could you have entailed other than a complaint?

MR. KOZOLCHYK:  Your Honor, she was not paid before the lawsuit was filed.  They can date the check whenever~-- the defendants can date the check whenever they feel like it.  That is not reflective of when my client was paid.  She was paid after the lawsuit was filed, and they did not even --

THE COURT:  Two weeks later, apparently.  You filed the complaint on the 25th, and she gets the check, according to this, December 13th, a check dated prior to the lawsuit being filed.  And so you filed a complaint; apparently an unnecessary complaint if it's true that they had already cut a check paying her these last amounts that she's due.  So what did you do other than file a complaint?

MR. KOZOLCHYK:  Your Honor, I don't know how you come to the conclusion that it's an unnecessary complaint.

A client comes to me owed money, I bring a lawsuit, the defendants decide to cut a check for a certain amount and pay her after the lawsuit is filed, and somehow it's the plaintiff's attorney that's at fault for all of this.  And I have not once sought to protract this litigation.  In fact, I

accepted less than what I should have been paid simply to end the litigation, and then defense counsel --

THE COURT:  Well, how much do you think you should have been paid for filing this complaint?

MR. KOZOLCHYK:  She was --

THE COURT:  You got $2500.  What do you think was -- would be an appropriate fee to manage to collect a thousand dollars, $1075, for your client?

MR. KOZOLCHYK:  The time I put into the case up through the time the case was resolved, fees and costs.  So it would depend on at what point the case was resolved and the time I had into it at that point.

I mean, the Eleventh Circuit -- defendants are not free to litigate a case to the jury verdict simply because the claim value is small and then not be held responsible for the attorney's fees and costs.

THE COURT:  They didn't do that here.  Apparently, they claim they sent the check before you even filed the suit, but regardless of that, she took it two weeks later.  So this is a two-week case.

MR. KOZOLCHYK:  I do not have control on when defendants choose to deliver a check after the lawsuit is filed, nor did I have control in this particular case when my client chose to cash a check.  I'm not sure why I'm being held responsible for what -- when the defendants choose to send a

check after I file the lawsuit, and when the client chooses to cash the check.  I'm trying to represent my client, get the money she's owed and be fairly compensated the attorney's fees and costs I've reasonably incurred in the case.  And so if defendants choose to not resolve the case until just before trial, they should be held responsible to pay attorney's fees and costs incurred to that point.  I have done nothing to prolong this litigation more than necessary.

THE COURT:  You're saying those things, but it -- I just don't think that's suggested by the facts in the case.

MR. KOZOLCHYK:  I'm not clear what facts you're referring to, Your Honor.

THE COURT:  The facts are that you said you were accepting a settlement.  Now, you say you didn't.  Your language in your e-mail's pretty darn clear.

MR. KOZOLCHYK:  Never said -- Your Honor, I never said I was accepting a settlement.  I was accepting a dollar amount to get some sort of recovery, a portion of my recovery on fees and costs, to get the case -- to dismiss the case without prejudice, without a settlement agreement.

THE COURT:  And so you still claim there's been no settlement in this case; is that right?

MR. KOZOLCHYK:  Yes, Your Honor.

Is it -- with respect to the Court, is it the Court's position that an FLSA case cannot be dismissed without

prejudice?

THE COURT:  Not after an agreement to accept payment both on behalf of the plaintiff and the plaintiff's counsel, because I think that is a settlement in reality.

MR. KOZOLCHYK:  Plaintiff has not agreed to accept any dollar amount for this case.

THE COURT:  She cashed her check, didn't she, for $1075?  You told her they accept $1500.  You told them in your e-mail.  And you've now gotten $2500 subsequently from them for attorney's fees directly into your account, correct?

MR. KOZOLCHYK:  Fees and costs.

THE COURT:  Well, all right, fees and costs.

And you're still claiming that isn't a settlement?

MR. KOZOLCHYK:  No, Your Honor, because they tendered a check months before this case -- they weren't paying -- this case is not being dismissed in exchange for the money she received.  They tendered that check, and then they sought a certain dollar amount for my fees and costs to dismiss the case, which I agreed to, plaintiff agreed to, without prejudice.  They're -- this case, the attorneys reaching the conclusion that this case will be dismissed without prejudice has nothing to do with the fact that she received money months earlier.  They're independent events. It was plaintiff agreed to dismiss her case without prejudice so long as this dollar amount was received as attorney's fees

and costs.

THE COURT:  You said it was going to be $1500, and now it's apparently $1072, plus $2500; is that right?

MR. KOZOLCHYK:  No, Your Honor.  No, Your Honor.

There was never a negotiation as to the dollar amount my client would receive.  That's the whole point of what I'm trying to convey to the Court.  There's nothing -- there was no negotiation that plaintiff will receive this to dismiss the case as far as a dollar amount to the plaintiff.

THE COURT:  Well, what was the $1500 that she was accepting?

MR. KOZOLCHYK:  That was to compensate me for my fees and costs.

THE COURT:  The $1500?

MR. KOZOLCHYK:  Yes, Your Honor.

THE COURT:  And now it's $2500?

MR. KOZOLCHYK:  Actually, it was more than that.  It was more than that, but I simply didn't want to fight with Mr. Loffredo, so I accepted what he offered.

THE COURT:  Which one, the $1500 or the $2500?

MR. KOZOLCHYK:  The $1500 -- initially the $1500, but then Mr. Loffredo decided to keep litigating the case and filed a motion to enforce settlement, and so then it became $2500.

THE COURT:  Do you want to take a position on what

y'all want to do?

MR. CAGAN:  Judge, Your Honor, I do believe that when counsel proposed to settle the case for $1500 and then $2500, it necessarily took -- he necessarily took into account that his client had already received a payroll check a couple weeks after the lawsuit was filed.  So my position had always been, and I was resolute about it, that how could you not call this a settlement.  You are receiving consideration for attorney's fees and costs, which are a component of an FLSA claim, and you are taking to account the fact that your plaintiff has been compensated, albeit by the employer after the case, but nevertheless was compensated for her time and her wages.

I could not -- I tried my hardest to negotiate a with-prejudice dismissal with a submission of a settlement agreement, and I couldn't come up with -- I couldn't prevail upon counsel.  I wasn't entirely comfortable with the without-prejudice proposal that counsel was proposing.  I was persuaded that since she wasn't giving up her rights and could refile the lawsuit, that it was not a settlement within the purview of Lynn Foods.  There's no case on point on that issue.  It's a fuzzy, cloudy issue.

But in front of Your Honor, as an officer of this Court, I would -- my position would be to seek approval of this settlement as it stands now, the $2500 in fees, and err

on the side of caution, and I'd rather seek approval.

MR. KOZOLCHYK:  And if the Court approves this, the Court is extinguishing plaintiff's claim without her consent, for example, liquidated damages for wages paid late, that she is entitled to bring.  We brought a claim for liquidated damages -- I apologize, Your Honor.  She's entitled to bring a claim for liquidated damages for wages paid late.  That is not what the check was paid for.  It was not for that.  And so this Court, if the Court approves the settlement that does not exist, those claims will be extinguished.

THE COURT:  Tell me about what Dimitrouleas is doing, and is there an order he's ever entered on this?  You've told them that Dimitrouleas is doing some things.  Tell me what he's doing.

MR. KOZOLCHYK:  Your Honor, he said that.

THE COURT:  No, you did.

MR. KOZOLCHYK:  No, he said I said that.

THE COURT:  Oh, you didn't say that?  You never mentioned Judge Dimitrouleas?

MR. KOZOLCHYK:  No, I did mention Judge Dimitrouleas, but he really misrepresented what I said to them.

THE COURT:  I ask you, what's Judge Dimitrouleas doing in these cases?

MR. KOZOLCHYK:  He has a standing order that comes

out that talks about situations where there is dismissal without prejudice.  It's a standard order he enters in FLSA cases.

THE COURT:  And what's it say?

MR. KOZOLCHYK:  Well, I'm going off of my memory right now, so I certainly don't have a verbatim recollection of it.  I'm tremendously paraphrasing here, but basically something to the extent that, the Court recognizes situations where a case may be dismissed without a settlement or without prejudice, something to that effect.  But please don't hold me to it, because I don't recollect it.

THE COURT:  Are those cases where there's no payment?

MR. KOZOLCHYK:  I cannot recall if the order touches on that language, but it's a very standard order entered by Judge Dimitrouleas in FLSA cases.

THE COURT:  Well, I can see a case where you might file a suit and decide later that it's not meritorious and then dismiss it with prejudice.  I would think that might happen somewhat frequently.  But I've never heard of a dismissal without prejudice when a plaintiff accepts money and a lawyer accepts fees for their representation.  That's a settlement.  You can call it whatever you want, but you're playing word games.

MR. KOZOLCHYK:  Your Honor, I'm offended that you're

accusing me of playing word games.  That's not what I'm doing.

THE COURT:  Well, I know you're offended, and what I'm trying to decide is whether to turn you in to the Bar and the professional practice committee of this Court, because you're not being straightforward in your dealings with me or opposing counsel.

MR. KOZOLCHYK:  Your Honor, I don't know how you come to that conclusion.  I really do not.  And I'm very troubled that you have these conclusions.  I really don't believe they're based on any conduct I've done, and certainly not a fair characterization of my conduct.

THE COURT:  I'm frankly not sure -- I mean, there are a couple choices.  One is have trial on Wednesday, which all that does is make their fees greater, because you're -- and your plaintiff already accepted her money.  But this whole evasion of the requirements to approve FLSA assessments really troubles me, as does your conduct in the case.

MR. KOZOLCHYK:  Your Honor, first of all, I can represent to you I have absolutely no intention of bringing this lawsuit again.  You seem -- it appears --

THE COURT:  You just told me how I was taking away her right to sue for liquidated damages.  Now, you're saying that you have no intention to -- so all you're doing is arguing that this really is a facade.  If she doesn't really have a claim, then it's a facade.  And you told me how I would

do great injustice by calling this a settlement and by dismissing this case with prejudice.

Now, which is it? Does she have a claim, or doesn't she?

MR. KOZOLCHYK: I do believe she has a claim. I know that once this case is over, I will not be representing her in any new claims, nor do I have any reason to believe -- I have no knowledge of her desiring to bring any claim again. That's not what this is about. But you seem to be questioning my motives as if there's some ulterior motive in play here, when there isn't.

THE COURT: I'm pretty sure your motive is -- it looks to me like is your fee, not the plaintiff.

MR. KOZOLCHYK: And I have no idea how you come to that conclusion, Your Honor.

THE COURT: What you just said. You're not -- you wouldn't represent her if she tried to bring it again. You don't know what her intentions are. You don't know anything about the plaintiff, other than she accepted a check for the amount apparently y'all asked for. And so why do I think that you're worried about her from what you've told me?

MR. KOZOLCHYK: Well, can you please elaborate, why do I think you're worried about her? I don't understand what you're asking.

THE COURT: You are offended because I don't think

you are, right?

MR. KOZOLCHYK:  I'm offended that you have, on multiple times during this hearing, accused me of operating in bad faith, and there's simply no basis for that, certainly not in my conduct.  And I'm thinking that the reason you're making these accusations is because you think I'm trying to bring the suit again.  So I'm trying to be very clear.  I will not be bringing any additional suit against this defendant for these claims on behalf of this plaintiff.  So I'm trying to alleviate whatever concern might be driving this Court's characterization of my conduct, which I think is incredibly inaccurate.

THE COURT:  I think you settled a case.  I think you settled a case for an amount to come to the plaintiff, an amount to be paid to the defense lawyer -- or paid to you by the defendant, and now you're saying, I didn't do that, this is simply a dismissal without prejudice, with a plaintiff retaining rights to bring a case later.

The facts of what happened are not consistent with what you're telling me.  That's the problem I have.

MR. KOZOLCHYK:  So, Your Honor, hypothetically let's say there's a case where, after the lawsuit is filed, a plaintiff -- the defendants choose to pay some dollar amount to the plaintiff without any coordination with plaintiff or plaintiff's counsel, they make this decision on their own.

And then down the line, the plaintiff's counsel accepts a certain dollar amount as fees and costs, but with the understanding there is no settlement, there is no dismissal with prejudice, this is simply to just dismiss the case without prejudice.  Is it this Court's position that then there is a settlement?

THE COURT:  So what you're saying, your hypothetical is the plaintiff gets nothing in your hypothetical, but later on you decide to settle your fees and costs?  Was that your hypothetical?

MR. KOZOLCHYK:  No, Your Honor.  The facts of this case are that --

THE COURT:  No, I mean your hypothetical.

MR. KOZOLCHYK:  No, I include in my hypothetical that the defendants paid some dollar amount to the plaintiff. They didn't coordinate with the plaintiff or plaintiff's counsel.  They chose to send some check, and the client, the plaintiff, is okay with dismissing the case without prejudice at that point upon receipt of a dollar amount for fees and costs.

MR. CAGAN:  Your Honor, if I just may add one fact to complete the record I feel compelled to point out to the Court?

I was at the Fort Lauderdale International Airport when I called counsel and asked how much it would cost to

settle the case, and $1500 was no longer on the table, and that's when counsel told me $2500.  And I said, with prejudice or without prejudice?  He said, without.  I said, how much for with prejudice?  And he responded, that's gonna cost $3500, because then I have to review the settlement agreement, and it's additional work.  He didn't outright tell me that the fees, the extra thousand dollars, were going to go to him, but that was the implication, because he was telling me how much more work he had to do to get from $2500 to $3500.  That's when my client -- and, Your Honor, as an aside, parenthetically, I'm not charging my client for this.  I haven't charged my client for the last three weeks of this. That's when I reached the conclusion and the client agreed that we're not gonna pay the extra thousand for the with-prejudice dismissal, and that's how we got here.

MR. KOZOLCHYK:  I sure hope I have an opportunity to respond to what he just said.

THE COURT:  Go ahead.

MR. KOZOLCHYK:  He seems to somehow forget when I specifically said, and a dollar amount to the plaintiff.  I don't know how much that's gonna be, I need to speak to my client about that.  Somehow that got missed in what he just told you.  I specifically discussed some additional dollar amount with my client, that I would have to discuss it with my client and get back to him, but he said he didn't even want to

do it for the $3500, I guess because the expectation is that I need to review a settlement agreement, I should do that for free, as well.

But I'm really, really troubled that defense counsel would completely omit to the Court that I specifically discussed an amount to go to my client, as well. So it's a pretty flagrant misrepresentation.

THE COURT: Okay. I think that the reality of this case is there was a settlement. It was a settlement to terminate an FLSA case . . . give me just a second.

All right. I'm reading Judge Dimitrouleas' order, standard order, paragraph 3: Accordingly, any voluntary dismissal or stipulation of dismissal will require the parties to submit a settlement agreement for judicial review and approval. Further, the Court finds that in order to effectuate the Eleventh Circuit's requirement dictated by Lynn Foods, even dismissals without prejudice require the Court to review any settlement agreement that has been reached by the parties. He cites Lynn Foods. Congress has made the FLSA provisions mandatory. Thus, the provisions are not subject to negotiations or bargaining between employees -- employers and employees.

Paragraph 4: The Court recognizes there may be situations in which the plaintiff chooses to voluntarily dismiss the case, even if there has been no settlement or

compromise.

One, in that event, the Court will require the notice of voluntary dismissal to affirmatively state that no settlement agreement has been reached; and, B, the plaintiff has voluntarily chosen to abandon the FLSA claims at this time.

Two, the Court will construe such a dismissal to be without prejudice regardless of the language used in the notice. Plaintiff will be able to refile or otherwise pursue the claim in the future subject to the statute of limitations.

That's what Dimitrouleas said, which certainly isn't what happened here, is it?

MR. KOZOLCHYK: She's prepared to abandon her claims at this time, Your Honor. That's exactly the posture we're attempting to do here is dismiss the case without prejudice.

THE COURT: All right. The reality of this case is it was settled. It was settled with a payment to the plaintiff and a payment to plaintiff's counsel. While I have some misgivings about the amount of attorney fees, I will approve the settlement. However, I do believe that plaintiff's counsel has attempted to evade the requirements of the Lynn Foods case and to evade the need for a court approval and has also used a claim for attorney's fees to seek to extract monies to which he was not entitled from the defense counsel.

And I am going to -- I will think about it.  I will tell you I'm inclined to send this at least to the peer review committee of the Southern District.  I think your behavior in these cases is unbecoming to a member of the Bar, and so you really need to think about the way you're practicing.

MR. KOZOLCHYK:  Your Honor, may I respond to that?

THE COURT:  Sure.

MR. KOZOLCHYK:  I do not know how you are coming to these conclusions.

THE COURT:  I've told you over and over.

MR. KOZOLCHYK:  They sent a check to my client, and I sought to get the thing to be paid some amount of money for my fees and costs, and I accepted $1500, which is what the defense counsel offered.  I accepted what he offered rather than continue litigating the case.  I accepted exactly what he offered.  And then he seeks to enforce a settlement that does not exist, and how is that my conduct?  I accepted exactly what he offered.

THE COURT:  And then raised it to $2500.

But apart from that, you've settled a case.  Your -- the case is about your client.  Your client had a claim under the FLSA.  She got a check, she took the check, she chose to take it.  Then from then on, your sole concern seems to have been your fees.  Everything about the case was about your fees.  None of it was about your client.

And at this point you're -- to say that you're dismissing the case without prejudice, maintaining some right she has, but then say, well, but I'm not going to represent her, and I'm certainly not going to discuss it with her, I just put the money in my bank account, I don't see how you're looking out for your client at all.

MR. KOZOLCHYK:  I don't know how you come to the conclusion I'm not discussing with my client.  I'm specifically representing my client and protecting her rights by having a dismissal without prejudice.  You are prejudicing my client by forcing this into a dismissal with prejudice.  By creating a settlement that does not exist, you're extinguishing my client's rights without her ever consenting to it, and then you're blaming me and saying I'm the one who's done this.

THE COURT:  You told me a minute ago you wouldn't represent her.

MR. KOZOLCHYK:  I'm free to choose what cases I take on and don't take on.  As it so happens, I will not be taking any additional case against these defendants for these claims on behalf of this client.  And I specifically volunteer that information for no purpose other than to alleviate apparently a concern you have that I'm trying to bring another lawsuit against the defendants.

THE COURT:  No, that's not my concern.  I don't

think you are doing -- that there's a likelihood that you are going to bring another case on behalf of this client. To the contrary. I don't think you care at all about the client after you get your $2500.

MR. KOZOLCHYK: That is extremely offensive, Your Honor.

MR. CAGAN: Your Honor.

THE COURT: Okay.

MR. KOZOLCHYK: Extremely offensive.

THE COURT: Thank you. Have a good day. We'll enter an order.

MR. CAGAN: Thank you, Your Honor.

* * * * *

```
                            * * * * *

                            I N D E X

Calendar Call                                        2

                            * * * * *

                        E X H I B I T S

(None.)

                            * * * * *

                          CERTIFICATE

    I, Stephen W. Franklin, Registered Merit Reporter, and

Certified Realtime Reporter, certify that the foregoing is a

correct transcript from the record of proceedings in the

above-entitled matter.

    Dated this 2th day of JULY, 2019.


    /s/Stephen W. Franklin
    _____
    Stephen W. Franklin, RMR, CRR
```

**MR. CAGAN: [15]** 2/9 3/6 3/17 5/3 5/13 5/25 6/7 6/14 7/1 7/10 12/13 23/2 29/21 35/7 35/12
**MR. KOZOLCHYK: [69]**
**THE COURT: [78]**

**$**

**$1072 [1]** 22/3
**$1075 [3]** 10/7 19/8 21/8
**$1075.12 [4]** 3/7 6/6 6/15 10/13
**$1250 [2]** 6/1 6/2
**$1500 [20]** 3/23 8/23 9/2 9/14 11/21 11/24 12/2 16/8 17/16 17/18 21/8 22/2 22/10 22/14 22/20 22/21 22/21 23/3 30/1 33/13
**$2500 [24]** 3/23 5/25 10/5 10/7 10/8 10/11 10/12 10/16 11/20 12/12 17/3 17/13 19/6 21/9 22/3 22/16 22/20 22/24 23/4 23/25 30/2 30/9 33/19 35/4
**$3500 [3]** 30/4 30/9 31/1

**-**

**-v [1]** 1/5

**/**

**/s/Stephen [1]** 36/15

**1**

**1000 [1]** 1/19
**13th [3]** 6/25 10/10 18/14
**18-81609 [1]** 2/5
**18-81609-CIV-DMM [1]** 1/2

**2**

**2018 [5]** 3/8 6/11 6/16 6/17 6/25
**2019 [2]** 1/9 36/13
**22 [1]** 1/9
**25th [4]** 6/11 6/17 6/24 18/13
**2th [1]** 36/13

**3**

**320 [1]** 1/16
**33301 [1]** 1/20
**33316 [1]** 1/17
**33401 [1]** 1/22
**3768 [1]** 1/21

**4**

**401 [1]** 1/19

**5**

**514-3768 [1]** 1/21
**561 [1]** 1/21

**7**

**701 [1]** 1/22

**8**

**81609 [1]** 2/5

**9**

**9th [4]** 1/16 3/8 6/12 6/16

**A**

**abandon [2]** 32/5 32/13
**able [1]** 32/9
**above [1]** 36/12
**above-entitled [1]** 36/12
**absolutely [2]** 8/18 26/19
**abstract [1]** 15/5
**accept [5]** 9/11 15/4 21/2 21/5 21/8
**accepted [11]** 5/16 12/2 17/18 19/1 22/19 26/15 27/19 33/13 33/14 33/15 33/17
**accepting [4]** 20/14 20/17 20/17 22/11
**accepts [8]** 8/5 8/23 9/14 16/7 18/4 25/21 25/22 29/1
**according [3]** 10/14 18/2 18/13
**Accordingly [1]** 31/12
**account [4]** 21/10 23/4 23/10 34/5
**accurate [1]** 6/10
**accusation [1]** 13/9
**accusations [1]** 28/6
**accused [1]** 28/3
**accusing [1]** 26/1
**Act [1]** 16/15
**action [2]** 6/16 15/8
**activity [1]** 15/23
**actually [2]** 7/5 22/17
**add [1]** 29/21
**addition [1]** 10/7
**additional [4]** 28/8 30/6 30/23 34/20
**Additionally [1]** 9/6
**adds [1]** 5/12
**affirmatively [1]** 32/3
**after [17]** 2/23 2/24 3/2 6/5 8/1 9/24 10/15 14/6 18/11 18/23 19/22 20/1 21/2 23/6 23/11 28/22 35/4
**afternoon [3]** 2/2 2/9 2/11
**again [14]** 3/4 6/13 8/16 8/17 8/19 9/16 9/23 11/16 12/8 14/3 26/20 27/8 27/17 28/7
**against [4]** 6/8 28/8 34/20 34/24
**ago [1]** 34/16
**agree [3]** 8/1 12/2 16/8
**agreeable [1]** 10/3

**agreed [10]** 2/20 4/8 4/16 9/11 9/15 21/5 21/19 21/19 21/24 30/13
**agreement [11]** 3/23 9/22 12/5 20/20 21/2 23/16 30/5 31/2 31/14 31/18 32/4
**agrees [1]** 2/19
**ahead [1]** 30/18
**Airport [1]** 29/24
**albeit [1]** 23/11
**alleviate [2]** 28/10 34/22
**allocation [1]** 15/13
**allowed [1]** 17/23
**already [5]** 17/14 17/15 18/16 23/5 26/15
**also [2]** 13/16 32/23
**although [2]** 4/20 16/8
**always [2]** 12/20 23/6
**am [3]** 2/12 10/12 33/1
**AMERICA [3]** 1/7 2/4 6/3
**amount [30]** 3/5 4/6 8/7 10/25 13/13 13/13 15/3 15/10 15/19 15/21 15/22 18/22 20/18 21/6 21/18 21/25 22/6 22/9 27/20 28/14 28/15 28/23 29/2 29/15 29/19 30/20 30/24 31/6 32/19 33/12
**amounts [1]** 18/17
**analysis [2]** 4/16 5/19
**analyzed [1]** 4/15
**another [3]** 10/5 34/23 35/2
**any [21]** 2/23 3/2 4/14 5/18 8/19 10/23 10/24 11/1 15/18 16/11 16/25 21/6 26/10 27/7 27/7 27/8 28/8 28/24 31/12 31/18 34/20
**anymore [1]** 8/14
**anything [2]** 3/15 27/18
**anywhere [1]** 15/19
**aol.com [1]** 1/23
**apart [1]** 33/20
**apologize [1]** 24/6
**apparently [10]** 10/15 14/3 16/6 18/2 18/12 18/15 19/17 22/3 27/20 34/22
**appear [1]** 6/3
**appearances [2]** 1/15 2/6
**appears [1]** 26/20
**applications [1]** 13/17
**applies [1]** 9/8
**approach [1]** 6/19
**appropriate [1]** 19/7
**approval [6]** 16/3 16/14 23/24 24/1 31/15 32/22
**approve [4]** 2/14 13/15 26/16 32/20
**approved [2]** 5/8 10/3
**approves [2]** 24/2 24/9
**aren't [1]** 17/23

**argue [2]** 11/3 12/1
**argued [2]** 9/25 11/11
**arguing [1]** 26/24
**argument [1]** 11/13
**around [1]** 12/4
**aside [1]** 30/10
**ask [4]** 3/13 3/14 3/15 24/23
**asked [6]** 12/13 14/13 14/15 15/19 27/20 29/25
**asking [2]** 13/13 27/24
**asks [1]** 17/13
**assessments [1]** 26/16
**attempted [1]** 32/21
**attempting [1]** 32/15
**attorney [6]** 2/19 12/19 16/3 16/15 18/24 32/19
**attorney's [14]** 4/6 4/22 5/10 8/5 15/12 17/11 17/20 19/16 20/3 20/6 21/10 21/25 23/9 32/23
**attorneys [3]** 17/10 17/23 21/20
**authority [1]** 8/9
**avoid [1]** 11/14
**away [2]** 17/19 26/21

**B**

**back [5]** 4/15 13/18 16/5 16/7 30/25
**background [1]** 9/20
**bad [1]** 28/4
**balance [1]** 6/2
**bank [1]** 34/5
**Bar [2]** 26/3 33/4
**bargaining [1]** 31/21
**based [5]** 5/19 13/10 13/18 15/2 26/10
**basically [3]** 13/4 16/18 25/7
**basis [1]** 28/4
**battle [1]** 4/4
**Beach [2]** 1/8 1/22
**bear [1]** 2/19
**became [1]** 22/23
**because [19]** 3/18 4/11 4/19 10/1 11/21 14/18 15/1 17/10 19/14 21/4 21/14 25/11 26/4 26/14 27/25 28/6 30/5 30/8 31/1
**before [12]** 1/12 5/4 7/7 7/19 10/14 12/15 14/20 18/3 18/7 19/18 20/5 21/15
**behalf [7]** 2/7 2/10 6/2 21/3 28/9 34/21 35/2
**behavior [1]** 33/3
**being [7]** 3/3 8/8 12/18 18/15 19/24 21/16 26/5
**belabor [1]** 12/17
**believe [5]** 23/2 26/10 27/5 27/7 32/20
**believed [1]** 4/1
**between [1]** 31/21
**blaming [1]** 34/14

**both [1]** 21/3
**Boulevard [1]** 1/19
**bring [16]** 3/4 8/12 8/16 9/16 9/23 10/5 12/8 18/21 24/5 24/6 27/8 27/17 28/6 28/18 34/23 35/2
**bringing [4]** 8/19 17/23 26/19 28/8
**brought [1]** 24/5

**C**

**Cagan [2]** 1/18 2/9
**CALENDAR [2]** 1/11 36/3
**called [1]** 29/25
**calling [1]** 27/1
**can't [1]** 8/9
**cannot [3]** 9/6 20/25 25/14
**captured [2]** 4/15 9/21
**care [1]** 35/3
**case [93]**
**cases [10]** 4/12 13/4 17/11 17/23 24/24 25/3 25/12 25/16 33/4 34/18
**cash [2]** 19/24 20/2
**cashed [1]** 21/7
**cashes [1]** 16/6
**cashier's [2]** 6/1 12/14
**caution [1]** 24/1
**center [1]** 5/5
**certain [5]** 14/22 15/6 18/22 21/18 29/2
**certainly [6]** 5/10 25/6 26/10 28/4 32/11 34/4
**CERTIFICATE [1]** 36/8
**Certified [1]** 36/10
**certify [1]** 36/10
**chalk [1]** 3/25
**characterization [2]** 26/11 28/11
**charged [1]** 30/12
**charging [1]** 30/11
**check [49]**
**checking [1]** 6/7
**choices [1]** 26/13
**choose [5]** 19/22 19/25 20/5 28/23 34/18
**chooses [2]** 20/1 31/24
**chose [3]** 19/24 29/17 33/22
**chosen [1]** 32/5
**chronology [1]** 6/9
**Circuit [5]** 4/10 8/9 9/8 13/1 19/13
**Circuit's [1]** 31/16
**cite [1]** 9/7
**cites [1]** 31/19
**CIV [1]** 1/2
**claim [24]** 5/17 8/10 8/12 9/16 9/25 10/6 11/3 11/12 12/8 16/13 19/15 19/18 20/21 23/10 24/3 24/5 24/7 26/25 27/3

{WITNESSNAME}

Index: claim... facade

## C

**claim... [5]** 27/5 27/8 32/10 32/23 33/21
**claimed [1]** 14/3
**claiming [1]** 21/13
**claims [11]** 3/4 9/7 9/12 9/23 16/21 24/10 27/7 28/9 32/5 32/13 34/20
**clarify [1]** 6/20
**clear [7]** 5/16 6/9 8/25 13/23 20/11 20/15 28/7
**clearly [3]** 7/15 11/23 14/1
**Clematis [1]** 1/22
**client [34]** 6/1 8/7 9/23 14/22 15/2 15/3 18/10 18/21 19/8 19/24 20/1 20/2 22/6 23/5 29/17 30/10 30/11 30/12 30/13 30/22 30/24 30/25 31/6 33/11 33/21 33/21 33/25 34/6 34/8 34/9 34/11 34/21 35/2 35/3
**client's [3]** 8/12 8/20 34/13
**closed [2]** 5/3 5/5
**cloudy [1]** 23/22
**collect [2]** 8/17 19/7
**comes [2]** 18/21 24/25
**comfortable [2]** 7/11 23/17
**coming [2]** 16/24 33/8
**command [1]** 7/4
**committed [2]** 14/22 15/7
**committee [2]** 26/4 33/3
**communication [1]** 9/21
**company [3]** 3/12 5/2 5/3
**compelled [1]** 29/22
**compensate [2]** 17/17 22/12
**compensated [3]** 20/3 23/11 23/12
**compensating [1]** 13/5
**compensation [1]** 11/24
**complaint [14]** 6/8 6/9 6/10 6/16 11/22 15/17 15/24 18/6 18/13 18/15 18/16 18/18 18/20 19/4
**complete [2]** 9/5 29/22
**completely [8]** 2/25 3/2 8/8 8/22 10/9 10/18 10/25 31/5
**component [3]** 4/22 12/19 23/9
**compromise [1]** 32/1
**concern [9]** 4/9 4/19 12/20 13/7 13/23 28/10 33/23 34/23 34/25
**concerns [1]** 12/18
**concluded [1]** 4/13
**conclusion [8]** 13/10 17/21 18/20 21/21 26/8 27/15 30/13 34/8
**conclusions [4]** 14/21

16/24 26/9 33/9
**conditioned [1]** 10/4
**conduct [7]** 14/22 26/10 26/11 26/17 28/5 28/11 33/17
**Congress [1]** 31/19
**consent [1]** 24/3
**consenting [1]** 34/13
**consideration [4]** 4/25 12/18 12/22 23/8
**consistent [1]** 28/19
**construe [1]** 32/7
**construed [1]** 4/11
**context [1]** 9/20
**continue [3]** 13/24 17/17 33/15
**contrary [1]** 35/3
**control [2]** 19/21 19/23
**convey [1]** 22/7
**coordinate [1]** 29/16
**coordination [1]** 28/24
**copy [1]** 6/18
**correct [3]** 8/3 21/10 36/11
**corrected [1]** 7/2
**cost [2]** 29/25 30/4
**costs [28]** 2/19 2/21 9/3 11/20 17/3 17/3 17/9 17/9 17/12 17/12 17/13 17/16 17/18 19/10 19/16 20/4 20/7 20/19 21/11 21/12 21/18 22/1 22/13 23/9 29/2 29/9 29/20 33/13
**couldn't [3]** 10/5 23/16 23/16
**counsel [27]** 2/20 3/8 3/19 4/6 4/8 4/11 4/19 5/15 12/22 13/18 15/11 19/2 21/3 23/3 23/17 23/18 26/6 28/25 29/1 29/17 29/25 30/2 31/4 32/18 32/21 32/25 33/14
**counsel's [1]** 5/20
**couple [2]** 23/5 26/13
**course [3]** 3/11 3/14 15/13
**court [25]** 1/1 1/21 2/1 4/5 4/17 4/23 5/22 10/3 20/24 22/7 23/24 24/2 24/3 24/9 24/9 25/8 26/4 29/23 31/5 31/15 31/17 31/23 32/2 32/7 32/22
**Court's [3]** 20/25 28/10 29/5
**cover [1]** 9/3
**covers [1]** 11/22
**CPE [1]** 1/21
**creating [1]** 34/12
**criminal [4]** 14/23 15/2 15/7 15/8
**CRR [2]** 1/21 36/16
**cut [2]** 18/16 18/22

## D

**damages [4]** 24/4 24/6

24/7 26/22
**darn [1]** 20/15
**date [6]** 6/7 7/2 7/17 10/24 18/8 18/9
**dated [9]** 6/11 6/16 7/6 7/7 7/16 7/25 10/14 18/14 36/13
**dates [3]** 6/13 6/22 6/22
**deal [1]** 12/6
**dealings [1]** 26/5
**December [3]** 6/25 10/10 18/14
**December 13th [3]** 6/25 10/10 18/14
**decide [4]** 18/22 25/18 26/3 29/9
**decided [2]** 15/4 22/22
**decides [1]** 12/9
**decision [1]** 28/25
**deeply [2]** 13/8 13/22
**defendant [7]** 2/10 6/3 13/14 15/19 16/1 28/8 28/16
**defendant's [1]** 2/13
**defendants [22]** 1/8 1/18 3/10 6/6 7/16 9/6 9/25 10/22 10/23 14/25 16/20 16/25 18/9 18/22 19/13 19/22 19/25 20/5 28/23 29/15 34/20 34/24
**defense [8]** 5/12 7/25 16/7 19/2 28/15 31/1 32/24 33/14
**deliberate [1]** 9/5
**deliver [1]** 19/22
**delivered [3]** 8/24 12/14 12/14
**delivering [1]** 9/7
**denied [2]** 4/2 13/18
**depend [1]** 19/11
**description [1]** 16/8
**desired [1]** 15/10
**desiring [1]** 27/8
**destroying [1]** 15/9
**dictated [1]** 31/16
**didn't [18]** 3/13 3/14 3/15 4/23 5/14 11/13 11/25 12/1 13/15 19/17 20/14 21/7 22/18 24/18 28/16 29/16 30/6 30/25
**different [2]** 6/22 14/9
**difficult [2]** 3/22 15/1
**Dimitrouleas [9]** 4/12 5/21 24/11 24/13 24/19 24/21 24/23 25/16 32/11
**Dimitrouleas' [1]** 31/11
**directly [1]** 21/10
**disagree [1]** 10/21
**disagreement [1]** 3/18
**disclosing [1]** 5/22
**discuss [2]** 30/24 34/4
**discussed [2]** 30/23 31/6
**discussing [1]** 34/8
**discussions [3]** 11/1 11/9 11/11
**disingenuous [1]** 9/2

**dismiss [15]** 4/8 9/15 10/3 11/17 11/18 12/3 12/9 20/19 21/19 21/24 22/9 25/19 29/4 31/25 32/15
**dismissal [20]** 2/18 3/1 3/19 4/13 4/18 5/18 12/23 16/12 23/15 25/1 25/21 28/17 29/3 30/15 31/13 31/13 32/3 32/7 34/10 34/11
**dismissals [2]** 5/21 31/17
**dismissed [8]** 3/3 3/24 8/8 14/25 20/25 21/16 21/21 25/9
**dismissing [4]** 12/6 27/2 29/18 34/2
**disputes [1]** 9/1
**DISTRICT [5]** 1/1 1/1 1/13 13/24 33/3
**DMM [1]** 1/2
**documents [1]** 2/12
**does [12]** 5/1 5/1 9/13 10/5 16/17 17/16 24/9 26/14 26/17 27/3 33/16 34/12
**doesn't [4]** 8/13 9/8 26/24 27/3
**doing [7]** 24/12 24/13 24/14 24/24 26/1 26/23 35/1
**dollar [12]** 20/17 21/6 21/18 21/25 22/5 22/9 28/23 29/2 29/15 29/19 30/20 30/23
**dollars [2]** 19/8 30/7
**don't [26]** 3/21 7/5 8/18 9/20 11/5 15/21 16/8 16/23 17/24 18/19 20/10 25/6 25/10 25/11 26/7 26/9 27/18 27/18 27/23 27/25 30/21 34/5 34/7 34/19 34/25 35/3
**DONALD [1]** 1/12
**done [3]** 20/7 26/10 34/15
**doors [1]** 5/5
**down [1]** 29/1
**driving [1]** 28/10
**due [1]** 18/17
**during [1]** 28/3

## E

**e-mail [5]** 1/23 3/20 8/21 9/18 21/9
**e-mail's [1]** 20/15
**e-mailed [1]** 17/2
**e-mails [1]** 8/25
**each [1]** 2/18
**earlier [4]** 11/8 11/11 12/17 21/23
**Earth [1]** 18/1
**East [1]** 1/19
**effect [1]** 25/10
**effectuate [1]** 31/16
**either [1]** 13/17

**dismiss [15]** ... (see above)
**elaborate [1]** 27/22
**Eleventh [6]** 4/10 8/9 9/7 13/1 19/13 31/16
**Elliot [5]** 1/16 2/7 3/21 3/25 17/2
**employees [2]** 31/21 31/22
**employer [2]** 3/7 23/11
**employers [1]** 31/21
**end [1]** 19/1
**enforce [10]** 2/14 3/16 4/2 6/23 7/11 11/7 12/10 16/11 22/23 33/16
**entailed [1]** 18/5
**enter [1]** 35/11
**entered [2]** 24/12 25/15
**enters [1]** 25/2
**entire [1]** 9/20
**entirely [1]** 23/17
**entitled [9]** 14/4 16/17 16/18 17/9 17/11 24/5 24/6 32/24 36/12
**err [1]** 23/25
**ESQ [2]** 1/16 1/18
**essentially [1]** 15/9
**evade [5]** 5/7 12/25 16/13 32/21 32/22
**evasion [1]** 26/16
**even [9]** 10/1 11/22 11/23 14/9 18/11 19/18 30/25 31/17 31/25
**event [1]** 32/2
**events [1]** 21/23
**ever [4]** 14/2 14/3 24/12 34/13
**Everything [1]** 33/24
**exactly [3]** 32/14 33/15 33/17
**example [3]** 9/2 11/16 24/4
**except [1]** 2/19
**exchange [2]** 4/24 21/16
**excuse [1]** 3/23
**exist [3]** 24/10 33/17 34/12
**existent [1]** 16/13
**exorbitant [2]** 13/15 16/4
**expectation [1]** 31/1
**expected [2]** 17/10 17/24
**expend [2]** 4/4 4/5
**explicit [1]** 4/23
**expose [1]** 14/23
**expressed [1]** 12/18
**extent [1]** 25/8
**extinguish [1]** 9/12
**extinguished [1]** 24/10
**extinguishing [2]** 24/3 34/13
**extort [1]** 16/19
**extra [2]** 30/7 30/14
**extract [2]** 16/20 32/24
**extremely [2]** 35/5 35/9

## F

**facade [2]** 26/24 26/25

## F

**fact [5]** 5/11 18/25 21/22 23/10 29/21
**facts [6]** 7/4 20/10 20/11 20/13 28/19 29/11
**fair [4]** 3/17 11/24 16/14 26/11
**fairly [3]** 16/20 17/16 20/3
**faith [1]** 28/4
**false [1]** 9/5
**far [2]** 15/12 22/9
**fault [1]** 18/24
**federal [1]** 11/19
**fee [14]** 5/17 5/22 5/24 5/25 12/19 13/4 13/14 13/15 13/17 14/7 16/18 16/18 19/7 27/13
**feel [6]** 7/11 10/23 10/24 10/25 18/9 29/22
**fees [48]**
**FELICIA [4]** 1/3 2/3 2/8 6/15
**felt [1]** 5/22
**fight [3]** 4/4 14/7 22/18
**file [8]** 5/8 12/10 16/5 16/10 18/3 18/18 20/1 25/18
**filed [27]** 2/17 2/23 2/24 3/2 4/2 5/4 6/10 6/17 8/11 9/24 10/14 11/7 11/23 13/14 15/17 18/3 18/8 18/11 18/12 18/15 18/15 18/23 19/18 19/23 22/23 23/6 28/22
**files [1]** 10/22
**filing [3]** 9/5 11/22 19/4
**finally [1]** 2/17
**finds [1]** 31/15
**finish [1]** 17/7
**first [5]** 12/20 14/8 14/11 14/19 26/18
**FL [2]** 1/17 1/20
**flagrant [1]** 31/7
**FLORIDA [3]** 1/1 1/8 1/22
**flowed [1]** 12/22
**FLSA [13]** 2/14 13/4 17/11 17/23 20/25 23/9 25/2 25/16 26/16 31/10 31/19 32/5 33/22
**folded [1]** 5/4
**Foods [8]** 4/10 4/15 4/16 5/20 23/21 31/17 31/19 32/22
**forcing [1]** 34/11
**foregoing [1]** 36/10
**forfeit [1]** 15/11
**forget [1]** 30/19
**forgive [1]** 3/21
**Fort [4]** 1/17 1/20 8/24 29/24
**forth [1]** 13/18
**FRANKEL [4]** 1/7 2/4 2/10 6/1
**Franklin [4]** 1/21 36/9

36/15 36/16
**frankly [3]** 13/2 13/9 26/12
**free [10]** 8/12 9/16 9/23 10/22 12/7 17/11 17/24 19/14 31/3 34/18
**Frendo [1]** 2/8
**frequently [1]** 25/20
**front [1]** 23/23
**full [1]** 12/5
**fully [1]** 9/21
**funds [3]** 4/21 5/15 5/16
**Further [1]** 31/15
**future [2]** 8/12 32/10
**fuzzy [1]** 23/22

## G

**games [2]** 25/24 26/1
**gets [7]** 7/8 8/4 10/11 10/15 18/4 18/13 29/8
**getting [6]** 10/13 15/20 15/20 15/21 15/23 16/17
**give [2]** 12/2 31/10
**given [2]** 15/14 16/19
**giving [4]** 4/14 5/18 15/8 23/19
**going [11]** 5/15 5/15 5/16 13/24 22/2 25/5 30/7 33/1 34/3 34/4 35/2
**gone [2]** 13/17 18/1
**gonna [3]** 30/4 30/14 30/21
**good [4]** 2/2 2/9 2/11 35/10
**got [11]** 2/12 6/5 6/24 7/22 8/1 10/15 13/12 19/6 30/15 30/22 33/22
**gotten [2]** 14/3 21/9
**Gray [1]** 2/10
**GrayRobinson [1]** 1/18
**great [1]** 27/1
**greater [1]** 26/14
**guess [2]** 5/11 31/1

## H

**handling [1]** 7/4
**happen [1]** 25/20
**happened [3]** 2/22 28/19 32/12
**happens [2]** 7/8 34/19
**hard [1]** 16/9
**hardest [1]** 23/14
**haven't [1]** 30/12
**having [1]** 34/10
**he's [3]** 15/12 24/12 24/14
**heard [1]** 25/20
**hearing [3]** 2/3 12/16 28/3
**held [3]** 19/15 19/24 20/6
**hence [2]** 4/2 5/18
**here [9]** 2/22 6/10 12/6 19/17 25/7 27/10 30/15 32/12 32/15
**himself [1]** 14/23
**hold [1]** 25/10

**holding [1]** 4/10
**Honor [47]**
**HONORABLE [1]** 1/12
**hope [1]** 30/16
**However [1]** 32/20
**huge [1]** 15/11
**hypothetical [5]** 29/7 29/8 29/10 29/13 29/14
**hypothetically [1]** 28/21

## I

**I'd [3]** 14/14 14/17 24/1
**I'll [1]** 3/25
**I'm [42]**
**I've [5]** 2/16 20/4 25/20 26/10 33/10
**i.e [1]** 9/16
**idea [3]** 13/9 17/21 27/14
**implication [1]** 30/8
**impression [1]** 12/21
**inaccurate [1]** 28/12
**inclined [1]** 33/2
**include [1]** 29/14
**included [3]** 4/18 4/25 12/22
**inclusive [1]** 17/16
**increase [1]** 17/20
**incredibly [1]** 28/11
**incurred [2]** 20/4 20/7
**independent [4]** 3/2 10/9 11/1 21/23
**indication [1]** 15/18
**inflated [1]** 13/20
**inflating [1]** 13/3
**informality [1]** 3/21
**information [2]** 16/2 34/22
**informed [1]** 4/12
**initially [2]** 11/16 22/21
**injustice [1]** 27/1
**insistent [1]** 12/21
**intention [3]** 8/19 26/19 26/23
**intentionally [1]** 4/25
**intentions [1]** 27/18
**interests [1]** 14/24
**International [1]** 29/24
**invested [2]** 9/4 15/12
**involvement [1]** 17/1
**irrelevant [3]** 7/16 7/23 7/25
**isn't [5]** 9/10 16/18 21/13 27/11 32/11
**issue [4]** 12/20 13/1 23/22 23/22
**issued [1]** 2/15
**issues [1]** 15/14
**it's [24]** 4/13 4/14 7/6 7/7 7/17 7/23 13/19 15/6 17/5 17/5 17/21 17/22 18/16 18/20 18/23 22/3 22/16 23/22 25/2 25/15 25/18 26/25 30/6 31/6

## J

**JUDGE [9]** 1/13 4/12

5/20 23/2 24/19 24/20 24/23 25/16 31/11
**judgment [2]** 10/1 10/2
**judicial [1]** 31/14
**JULY [1]** 36/13
**jurisdiction [1]** 17/22
**jury [1]** 19/14
**just [21]** 5/4 5/5 6/7 6/9 6/20 7/15 10/20 11/2 16/13 17/1 17/15 20/5 20/10 26/21 27/16 29/4 29/21 30/17 30/22 31/10 34/5

## K

**keep [1]** 22/22
**kind [2]** 3/3 7/16
**knew [1]** 6/6
**know [16]** 5/14 7/5 7/6 9/20 11/9 16/23 17/24 18/19 26/2 26/7 27/6 27/18 27/18 30/21 33/8 34/7
**knowledge [2]** 11/1 27/8
**Koz [2]** 8/24 8/24
**Kozolchyk [2]** 1/16 2/7

## L

**Labor [1]** 16/14
**language [6]** 4/18 12/22 16/13 20/15 25/15 32/8
**large [1]** 13/13
**Las [1]** 1/19
**last [3]** 3/22 18/17 30/12
**late [2]** 24/4 24/7
**later [7]** 7/3 7/9 18/12 19/19 25/18 28/18 29/8
**Lauderdale [4]** 1/17 1/20 8/25 29/24
**law [5]** 2/14 5/7 8/24 8/24 13/1
**lawsuit [27]** 3/2 3/15 5/4 5/8 6/6 7/7 7/8 8/8 8/11 9/24 10/15 10/23 16/6 18/3 18/4 18/8 18/11 18/14 18/21 18/23 19/22 20/1 23/6 23/20 26/20 28/22 34/23
**lawyer [5]** 13/3 16/7 16/17 25/22 28/15
**lawyer's [1]** 16/17
**least [4]** 5/12 12/19 13/2 33/2
**led [1]** 15/13
**less [2]** 17/24 19/1
**let [1]** 15/5
**let's [2]** 16/5 28/21
**liability [4]** 14/24 15/2 15/8 15/8
**light [1]** 16/16
**likelihood [1]** 35/1
**limine [2]** 11/23 17/15
**limitations [1]** 32/10
**line [1]** 29/1
**liquidated [4]** 24/4 24/5 24/7 26/22
**litigate [1]** 19/14

**litigated [1]** 15/6
**litigating [2]** 22/22 33/15
**litigation [9]** 11/14 11/15 11/25 17/14 17/17 17/19 18/25 19/2 20/8
**LLC [1]** 1/7
**Loffredo [10]** 3/20 11/11 11/13 12/1 12/4 17/2 17/8 17/13 22/19 22/22
**long [1]** 21/25
**longer [1]** 30/1
**looking [2]** 11/10 34/6
**looks [3]** 5/10 6/8 27/13
**lower [1]** 15/10
**Lynn [8]** 4/10 4/15 4/16 5/19 23/21 31/16 31/19 32/22

## M

**mail [5]** 1/23 3/20 8/21 9/18 21/9
**mail's [1]** 20/15
**mailed [1]** 17/2
**mails [1]** 8/25
**maintaining [1]** 34/2
**making [1]** 28/5
**manage [1]** 19/7
**mandatory [1]** 31/20
**matched [1]** 6/8
**matter [1]** 36/12
**maybe [1]** 15/22
**me [39]**
**mean [8]** 5/6 9/13 10/5 10/18 13/23 19/13 26/12 29/13
**meaning [1]** 3/4
**member [1]** 33/4
**memorandum [1]** 2/14
**memory [1]** 25/5
**mention [1]** 24/20
**mentioned [1]** 24/19
**merely [1]** 8/9
**Merit [1]** 36/9
**meritorious [1]** 25/18
**MIDDLEBROOKS [1]** 1/12
**might [4]** 4/11 25/17 25/19 28/10
**minute [1]** 34/16
**mischaracterization [1]** 9/4
**miscommunication [1]** 3/25
**misgivings [1]** 32/19
**misimpression [1]** 4/24
**misrepresentation [1]** 31/7
**misrepresentations [2]** 8/22 9/1
**misrepresented [1]** 24/21
**missed [1]** 30/22
**Monday [1]** 12/15
**money [19]** 2/23 2/25

## M

**money...** **[17]** 3/5 5/9 8/4 9/12 10/16 12/14 14/3 15/1 18/4 18/21 20/3 21/17 21/23 25/21 26/15 33/12 34/5
**monies [2]** 16/20 32/24
**month [2]** 3/1 7/9
**months [2]** 21/15 21/23
**moot [6]** 8/10 9/6 9/25 10/1 11/4 11/12
**motion [9]** 2/13 4/2 6/23 7/10 11/6 11/23 12/10 17/15 22/23
**motive [2]** 27/10 27/12
**motives [1]** 27/10
**move [1]** 16/11
**Mr [1]** 12/1
**Mr. [8]** 11/11 11/13 12/4 17/2 17/8 17/13 22/19 22/22
**Mr. Loffredo [8]** 11/11 11/13 12/4 17/2 17/8 17/13 22/19 22/22
**much [10]** 5/24 11/21 17/8 17/12 17/24 19/3 29/25 30/3 30/8 30/21
**multiple [1]** 28/3
**must [1]** 15/9

## N

**name [1]** 3/22
**nature [1]** 16/19
**near [1]** 15/19
**necessarily [2]** 23/4 23/4
**necessary [1]** 20/8
**need [4]** 30/21 31/2 32/22 33/5
**negotiate [1]** 23/14
**negotiation [2]** 22/5 22/8
**negotiations [1]** 31/21
**never [8]** 14/18 14/20 15/14 20/16 20/16 22/5 24/18 25/20
**nevertheless [1]** 23/12
**new [1]** 27/7
**no [45]**
**nominal [1]** 16/21
**None [2]** 33/25 36/6
**normal [2]** 3/11 3/14
**nothing [4]** 20/7 21/22 22/7 29/8
**notice [3]** 4/18 32/3 32/9
**November [7]** 3/8 6/11 6/12 6/16 6/17 6/24 7/2
**November 25th [3]** 6/11 6/17 6/24
**November 9th [3]** 3/8 6/12 6/16
**number [3]** 2/5 2/12 13/16
**numbers [1]** 15/21

## O

**occasions [1]** 13/17

**occurred [2]** 2/13 10/10 6/3
**off [1]** 25/5
**offended [7]** 4/10 13/8 13/22 25/25 26/2 27/25 28/2
**offensive [2]** 35/5 35/9
**offer [1]** 15/3
**offered [9]** 4/5 11/4 11/16 11/20 22/19 33/14 33/14 33/16 33/18
**officer [1]** 23/23
**Official [1]** 1/21
**oh [3]** 8/1 11/20 24/18
**okay [4]** 12/2 29/18 31/8 35/8
**Olas [1]** 1/19
**omit [1]** 31/5
**once [4]** 14/18 14/20 18/25 27/6
**one [10]** 9/2 12/15 12/15 12/25 13/11 22/20 26/13 29/21 32/2 34/14
**only [4]** 5/16 9/2 15/16 15/23
**operating [1]** 28/3
**opportunity [4]** 14/10 14/18 15/14 30/16
**opposed [1]** 13/5
**opposing [1]** 26/6
**order [12]** 2/1 2/15 2/16 24/12 24/25 25/2 25/14 25/15 31/11 31/12 31/15 35/11
**otherwise [1]** 32/9
**ought [1]** 13/23
**our [1]** 5/19
**outright [1]** 30/6
**over [5]** 14/7 15/21 27/6 33/10 33/10
**owed [2]** 18/21 20/3
**own [2]** 2/19 28/25

## P

**P.A [3]** 1/18 8/24 8/24
**paid [20]** 3/10 3/10 3/11 6/1 6/2 8/7 12/18 17/23 18/7 18/10 18/11 19/1 19/4 24/4 24/7 24/8 28/15 28/15 29/15 33/12
**Palm [2]** 1/8 1/22
**paper [1]** 7/12
**papers [1]** 16/11
**paragraph [2]** 31/12 31/23
**paragraph 3 [1]** 31/12
**Paragraph 4 [1]** 31/23
**paraphrasing [1]** 25/7
**parenthetically [1]** 30/11
**particular [2]** 13/3 19/23
**parties [3]** 16/12 31/13 31/19
**partner [2]** 3/20 7/4
**partner's [1]** 7/12
**PARTNERS [3]** 1/6 2/4

**party [1]** 2/19
**pay [7]** 4/5 11/4 14/25 18/23 20/6 28/23 30/14
**payable [1]** 8/23
**paying [4]** 4/19 18/2 18/17 21/16
**payment [10]** 2/20 5/23 5/24 5/25 8/23 10/10 21/2 25/13 32/17 32/18
**payroll [6]** 3/7 3/12 6/11 6/15 6/24 23/5
**pays [3]** 5/9 5/9 5/10
**PDF [1]** 12/5
**peer [1]** 33/2
**percentage [1]** 15/11
**perception [1]** 13/2
**permitted [1]** 11/19
**person's [1]** 18/3
**personally [1]** 8/20
**persuaded [1]** 23/19
**plaintiff [65]**
**plaintiff's [17]** 2/20 4/6 9/3 9/6 11/1 13/3 14/19 15/11 17/5 18/24 21/3 24/3 28/25 29/1 29/16 32/18 32/21
**plaintiffs' [2]** 17/10 17/22
**play [1]** 27/10
**playing [2]** 25/24 26/1
**pleadings [1]** 15/18
**please [6]** 2/2 2/6 3/21 17/7 25/10 27/22
**plus [4]** 11/20 17/3 17/13 22/3
**point [12]** 4/9 5/19 11/22 15/6 19/11 19/12 20/7 22/6 23/21 29/19 29/22 34/1
**portion [1]** 20/18
**position [7]** 14/19 15/1 20/25 22/25 23/6 23/24 29/5
**posture [1]** 32/14
**potential [2]** 14/23 15/2
**potentially [1]** 4/9
**practice [2]** 13/24 26/4
**practicing [1]** 33/5
**prejudice [47]**
**prejudicing [1]** 34/10
**prepared [1]** 32/13
**present [2]** 14/18 15/14
**presented [1]** 16/2
**pretty [3]** 20/15 27/12 31/7
**prevail [1]** 23/16
**prior [1]** 18/14
**problem [2]** 16/22 28/20
**proceed [1]** 11/12
**proceeded [1]** 11/3
**proceedings [2]** 1/11 36/11
**process [3]** 5/7 13/4 16/14
**professional [1]** 26/4

**prolong [1]** 20/8
**pronounce [1]** 3/22
**proposal [1]** 23/18
**proposed [2]** 4/7 23/3
**proposing [1]** 23/18
**protecting [1]** 34/9
**protract [1]** 18/25
**provided [2]** 7/18 7/19
**provisions [2]** 31/20 31/20
**purpose [3]** 12/24 13/5 34/22
**purposes [1]** 12/25
**pursue [1]** 32/9
**purview [1]** 23/21
**push [1]** 13/4
**put [2]** 19/9 34/5

## Q

**question [3]** 3/17 5/6 7/17
**questioning [1]** 27/9
**quickly [1]** 14/25
**quite [2]** 13/1 13/22

## R

**raised [2]** 14/9 33/19
**raising [1]** 15/15
**rather [4]** 4/4 12/8 24/1 33/14
**re [1]** 8/12
**re-bring [1]** 8/12
**reached [3]** 30/13 31/18 32/4
**reaching [2]** 17/21 21/21
**reading [1]** 31/11
**reality [3]** 21/4 31/8 32/16
**really [13]** 11/12 11/14 11/24 13/4 24/21 26/8 26/9 26/16 26/24 26/24 31/4 31/4 33/5
**Realtime [1]** 36/10
**reason [3]** 16/4 27/7 28/5
**reasonable [1]** 16/16
**reasonably [1]** 20/4
**reasons [2]** 8/21 13/21
**recall [2]** 13/12 25/14
**receipt [2]** 10/4 29/19
**receive [4]** 2/25 11/20 22/6 22/8
**received [10]** 2/16 2/20 3/7 4/21 7/3 7/5 21/17 21/23 21/25 23/5
**receiving [2]** 10/12 23/8
**recognizes [2]** 25/8 31/23
**recollect [1]** 25/11
**recollection [1]** 25/6
**record [6]** 8/25 11/10 15/16 15/23 29/22 36/11
**recovery [2]** 20/18 20/18
**reference [1]** 14/20
**referring [2]** 3/9 20/12
**refile [2]** 23/20 32/9

**reflective [1]** 18/10
**refuse [1]** 16/10
**regardless [2]** 19/19 32/8
**Registered [1]** 36/9
**relatively [1]** 15/20
**relying [1]** 7/11
**remark [1]** 9/2
**remember [1]** 15/21
**Reporter [4]** 1/21 1/21 36/9 36/10
**represent [5]** 20/2 26/19 27/17 34/3 34/17
**representation [3]** 5/20 7/12 25/22
**representing [2]** 27/6 34/9
**require [3]** 31/13 31/17 32/2
**required [2]** 2/15 12/25
**requirement [1]** 31/16
**requirements [3]** 5/7 26/16 32/21
**resolute [1]** 23/7
**resolve [4]** 17/3 17/8 17/12 20/5
**resolved [2]** 19/10 19/11
**resources [2]** 4/4 4/5
**respect [2]** 3/9 20/24
**respectfully [2]** 9/19 10/21
**respond [5]** 14/10 14/14 14/17 30/17 33/6
**responded [1]** 30/4
**response [3]** 2/15 2/16 13/14
**responsible [3]** 19/15 19/25 20/6
**result [1]** 10/16
**retaining [1]** 28/18
**review [6]** 12/25 30/5 31/2 31/14 31/18 33/2
**right [12]** 5/4 6/6 10/17 20/22 21/12 22/3 25/6 26/22 28/1 31/11 32/16 34/2
**rights [7]** 4/14 5/18 8/20 23/19 28/18 34/9 34/13
**rise [1]** 15/8
**RMR [2]** 1/21 36/16
**Robin [1]** 13/16
**Robinson [1]** 2/10
**Rosenberg [1]** 13/16
**rules [1]** 11/19

## S

**same [1]** 5/21
**saturated [1]** 9/1
**say [12]** 7/14 10/19 12/5 14/1 17/3 17/13 20/14 24/18 25/4 28/22 34/1 34/3
**saying [12]** 7/22 7/24 13/14 13/21 13/22 14/15 14/16 20/9 26/22 28/16 29/7 34/14

## S

**says [8]**  2/18 7/11 8/9 8/21 9/18 17/4 17/8 17/15
**SCOTT [6]**  1/7 1/18 2/4 2/9 2/10 6/1
**seated [1]**  2/2
**second [1]**  31/10
**seek [3]**  23/24 24/1 32/23
**seeking [1]**  9/20
**seeks [1]**  33/16
**seem [3]**  11/6 26/20 27/9
**seems [3]**  12/24 30/19 33/23
**send [5]**  10/24 12/8 19/25 29/17 33/2
**sends [1]**  12/4
**sent [5]**  12/11 12/11 18/2 19/18 33/11
**separate [3]**  8/8 10/19 10/20
**settle [5]**  11/18 12/19 23/3 29/9 30/1
**settled [6]**  15/10 28/13 28/14 32/17 32/17 33/20
**settlement [59]**
**settling [2]**  4/20 4/21
**SFranklinUSDC [1]**  1/23
**she's [7]**  12/6 12/7 14/3 18/17 20/3 24/6 32/13
**should [9]**  7/3 8/23 9/3 9/10 15/10 19/1 19/3 20/6 31/2
**SHUMAN [4]**  1/3 2/3 2/8 6/15
**side [1]**  24/1
**simply [10]**  11/18 12/1 12/6 17/18 19/1 19/14 22/18 28/4 28/17 29/4
**since [2]**  4/14 23/19
**single [1]**  9/21
**situations [3]**  25/1 25/8 31/24
**small [3]**  13/12 15/20 19/15
**sole [1]**  33/23
**solely [1]**  9/5
**somebody [1]**  5/9
**somehow [4]**  17/20 18/23 30/19 30/22
**someone [1]**  10/22
**something [4]**  6/21 7/13 25/8 25/10
**somewhat [1]**  25/20
**sort [2]**  15/7 20/18
**sought [4]**  10/2 18/25 21/18 33/12
**sound [1]**  9/8
**Southeast [1]**  1/16
**SOUTHERN [3]**  1/1 13/24 33/3
**speak [2]**  15/5 30/21
**specifically [6]**  4/18 30/20 30/23 31/5 34/9

34/21
**stage [2]**  17/14 17/15
**stand [1]**  7/2
**standard [3]**  25/2 25/15 31/12
**Standards [1]**  16/14
**standing [1]**  24/25
**stands [1]**  23/25
**state [1]**  32/3
**statements [1]**  9/5
**STATES [2]**  1/1 1/13
**stating [1]**  4/23
**statute [2]**  16/20 32/10
**Stephen [4]**  1/21 36/9 36/15 36/16
**still [3]**  5/2 20/21 21/13
**stipulation [3]**  2/18 12/23 31/13
**straightforward [1]**  26/5
**street [2]**  1/16 1/22
**strong [1]**  16/19
**subject [2]**  31/20 32/10
**submission [1]**  23/15
**submit [1]**  31/14
**subsequent [2]**  2/15 16/10
**subsequently [1]**  21/9
**such [1]**  32/7
**suddenly [1]**  15/11
**sue [3]**  8/4 14/2 26/22
**sued [3]**  6/24 7/20 8/2
**suggested [1]**  20/10
**suit [4]**  19/18 25/18 28/7 28/8
**Suite [1]**  1/19
**sum [1]**  9/12
**super [1]**  6/9
**sure [8]**  5/10 6/14 12/24 19/24 26/12 27/12 30/16 33/7

## T

**table [1]**  30/1
**take [6]**  11/21 17/15 22/25 33/23 34/18 34/19
**takes [2]**  16/6 18/4
**taking [3]**  23/10 26/21 34/19
**talked [1]**  14/11
**talking [4]**  8/19 11/8 11/10 11/17
**talks [1]**  25/1
**tell [7]**  2/22 6/13 9/10 24/11 24/13 30/6 33/2
**telling [3]**  14/16 28/20 30/8
**tender [1]**  10/23
**tendered [8]**  3/1 8/11 9/24 11/2 16/25 17/1 21/15 21/17
**tendering [1]**  8/10
**terminate [1]**  31/10
**terms [1]**  16/2
**Thank [2]**  35/10 35/12
**that's [30]**  3/8 7/10 9/18

9/21 10/16 10/20 10/20 11/21 12/5 12/21 13/7 16/4 16/13 16/22 18/24 20/10 22/6 25/22 26/1 27/9 28/20 30/2 30/4 30/9 30/13 30/15 30/21 32/11 32/14 34/25
**theory [1]**  8/17
**There'd [1]**  9/17
**there's [13]**  2/17 7/8 8/9 12/7 16/13 20/21 22/7 23/21 25/12 27/10 28/4 28/22 35/1
**thereafter [1]**  6/17
**they're [10]**  10/18 10/19 10/20 11/9 16/16 17/11 17/24 21/20 21/23 26/10
**thing [2]**  15/16 33/12
**things [3]**  14/9 20/9 24/13
**think [20]**  3/8 16/15 19/3 19/6 20/10 21/4 25/19 27/20 27/23 27/25 28/6 28/11 28/13 28/13 31/8 33/1 33/3 33/5 35/1 35/3
**thinking [1]**  28/5
**thinks [1]**  17/19
**those [7]**  6/13 6/22 7/4 13/21 20/9 24/10 25/12
**though [1]**  11/22
**thought [7]**  3/22 4/1 5/11 5/13 5/14 13/14 16/3
**thousand [3]**  19/7 30/7 30/14
**three [2]**  15/22 30/12
**through [3]**  3/12 13/17 19/10
**Throughout [1]**  11/14
**thus [2]**  15/12 31/20
**times [2]**  15/22 28/3
**today's [1]**  12/15
**told [11]**  13/16 21/8 21/8 24/13 26/21 26/25 27/21 30/2 30/23 33/10 34/16
**Tom [2]**  3/20 8/21
**too [2]**  11/21 16/19
**took [4]**  19/19 23/4 23/4 33/22
**total [3]**  5/25 10/8 11/21
**touches [1]**  25/14
**trail [1]**  3/20
**transcript [2]**  1/11 36/11
**treated [1]**  5/21
**treatment [4]**  1/6 2/4 5/5 6/2
**tremendously [1]**  25/7
**trial [2]**  20/6 26/13
**tried [4]**  11/14 12/15 23/14 27/17
**troubled [2]**  26/9 31/4
**troubles [1]**  26/17
**true [2]**  10/20 18/16
**truly [1]**  17/20

**trying [8]**  17/20 20/2 22/7 26/3 28/6 28/7 28/9 34/23
**Tuesday [1]**  12/15
**turn [1]**  26/3
**turns [2]**  3/24 12/4
**twice [1]**  15/22
**two [7]**  3/2 12/14 12/25 18/12 19/19 19/20 32/7
**two-week [1]**  19/20
**type [1]**  13/18

## U

**ulterior [1]**  27/10
**unacceptable [1]**  4/7
**unbecoming [1]**  33/4
**unclear [1]**  2/13
**under [3]**  4/23 11/19 33/21
**understand [1]**  27/23
**understanding [1]**  29/3
**UNITED [2]**  1/1 1/13
**unnecessary [4]**  11/14 11/25 18/16 18/20
**unprofessional [1]**  13/19
**unrelated [2]**  2/25 8/22
**until [1]**  20/5
**upfront [1]**  4/17
**upon [3]**  5/19 23/17 29/19
**used [2]**  32/8 32/23
**using [1]**  13/3

## V

**value [2]**  15/9 19/15
**verbatim [1]**  25/6
**verdict [1]**  19/14
**versus [1]**  2/4
**very [5]**  7/15 13/13 25/15 26/8 28/7
**via [1]**  6/1
**viable [1]**  11/12
**view [1]**  13/19
**viewed [1]**  13/19
**voluntarily [3]**  11/18 31/24 32/5
**voluntary [2]**  31/12 32/3
**volunteer [1]**  34/21

## W

**wages [4]**  18/3 23/13 24/4 24/7
**want [12]**  4/23 6/10 11/13 11/25 12/1 14/2 17/17 22/18 22/25 23/1 25/23 30/25
**wanted [3]**  4/17 7/13 7/17
**wasn't [2]**  23/17 23/19
**We'll [1]**  35/10
**we're [3]**  11/17 30/14 32/14
**we've [1]**  2/12
**Wednesday [1]**  26/13
**week [1]**  19/20
**weeks [4]**  18/12 19/19 23/6 30/12

**well [19]**  2/12 3/13 5/1 7/19 8/15 9/13 13/11 14/13 15/16 19/3 21/12 22/10 25/5 25/17 26/2 27/22 31/3 31/6 34/3
**went [1]**  4/15
**weren't [1]**  21/15
**West [2]**  1/8 1/22
**what's [2]**  24/23 25/4
**whatever [2]**  25/23 28/10
**whenever [4]**  7/17 10/24 18/8 18/9
**where [11]**  2/18 11/5 13/12 15/6 15/23 16/1 25/1 25/9 25/12 25/17 28/22
**whether [6]**  3/9 3/19 5/6 5/14 13/23 26/3
**While [1]**  32/18
**who's [1]**  34/14
**whole [3]**  5/7 22/6 26/15
**why [14]**  3/13 3/15 4/22 8/5 8/16 9/10 12/21 13/21 13/23 14/15 15/10 19/24 27/20 27/22
**willing [2]**  14/25 15/3
**within [1]**  23/20
**without [44]**
**without-prejudice [2]**  4/13 5/21
**work [6]**  5/2 8/13 17/11 17/24 30/6 30/9
**worked [1]**  16/9
**worried [2]**  27/21 27/23
**wouldn't [2]**  27/17 34/16

## Y

**y'all [2]**  23/1 27/20
**Yeah [1]**  7/10
**Yes [2]**  20/23 22/15
**yesterday [1]**  2/17
**yet [1]**  6/3
**you're [33]**  7/22 9/19 10/13 10/20 11/10 13/22 13/24 15/15 17/21 20/9 20/11 21/13 25/23 25/25 26/2 26/5 26/14 26/22 26/23 27/16 27/21 27/23 27/24 28/5 28/16 28/20 29/7 33/5 34/1 34/1 34/5 34/12 34/14
**you've [7]**  12/11 13/9 14/8 21/9 24/13 27/21 33/20
**Yustashio [1]**  2/8